# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| VICTOR LOVE | CIVIL ACTION NO. 14-3094-P |
| VERSUS | JUDGE HICKS |
| CADDO CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Victor R. Love ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was filed in this court on October 15, 2014. Plaintiff claims his civil rights were violated by prison officials while incarcerated at the Caddo Correctional Center in Shreveport, Louisiana.  He names the Caddo Correctional Center, Steve Prator, and Deputy Pouncy as defendants.

Plaintiff claims that in May 2014, Deputy Pouncy housed him in the Fox Trot Unit and instructed him to sleep on an unsecured stack-a-bunk.  He claims that on June 25, 2014, his foot became caught underneath the stack-a-bunk and he fell and hit his head.  He claims he lost consciousness.  He claims he was transported to LSU Medical Center.  Plaintiff claims Dr. Nelson told him that he had the symptoms of a concussion.  He claims Dr. Nelson prescribed treatments and recommended that he see an eye specialist.  He claims that

since the fall, he has been treated for headaches, blurred vision, memory issues, and hearing loss.  Accordingly, Plaintiff seeks appointment of an attorney.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is

deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety.  See id., 114 S. Ct. at 1979.  However, mere neglect and/or negligence do not constitute deliberate indifference.  See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

The court finds that the facts alleged do not support a finding that the defendants' conduct was deliberately indifferent.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Plaintiff claims that on June 25, 2014, his foot became caught under his stack-a-bunk and he fell and hit his head.  The court finds that a stack-a-bunk, which is a plastic bed frame used in overcrowding situations so inmates will not have to sleep with their mattresses directly on the floor, does not create a substantial risk of serious harm.   Thus, Plaintiff's allegations are insufficient to satisfy the first component of an Eighth Amendment claim.

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in

fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th

Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons stated, it is recommended that Plaintiff's complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another

party's objection within fourteen (14) days after being served with a copy thereof.  Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge

the at time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

recommendations set forth above, within fourteen (14) days after being served with a copy

shall bar that party, except upon grounds of plain error, from attacking, on appeal, the

proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d

1415 (5th Cir. 1996) (en banc).

The **Clerk of Court** is directed to mail this Report and Recommendation to Plaintiff

at Allen Correctional Center as provided on vinelink.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 4th day of April, 2016.

Mark L. Hornsby
U.S. Magistrate Judge